*Nale v. Hunter, post,* p. 91, 283 N. W. 335, it appears that the real estate was found by the court to be incapable of division and was therefore ordered sold so that the proceeds might be divided, and that, after the payment of the expenses of the partition proceedings, the interests of Oscar Hunter and Josie Hunter, his wife, amounted to $594.57. If these two sums exceed the principal and interest due Wencil Jansky, any balance remaining should be paid over to the trustees of the segregated trust.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the opinion.

NALE, Plaintiff and Respondent, vs. HUNTER and others, Defendants: JANSKY and another, Interpleaded Defendants and Appellants.

*December 7, 1938—January 10, 1939.*

*Levi H. Bancroft* of Richland Center, for the appellant, Wencil Jansky.

*M. N. Daffinrud* of Viroqua, for the respondents Bert Hofmeister, Joseph Sterba, and James W. Rosol, trustees of the segregated trust of the Farmers State Bank, and *Harry T. Jordan* of Hillsboro, for the respondent Cora Nale.

NELSON, J. The sole question for decision here is the same as that determined in *Hofmeister v. Hunter, ante,* p. 81, 283 N. W. 330. This controversy is ruled by the decision in that case, and it is held that the assignment was valid; that it was not against the public policy of this state;

that the assignment and the warranty deed were given to secure the indebtedness owing Wencil Jansky by Oscar Hunter, and to that extent constitute a valid and enforceable agreement. Upon payment to the Janskys of the amount of the proceeds representing the share of Oscar Hunter in the proceeds of the real estate sold in the partition action involved in this appeal, together with so much of the moneys held by E. V. Wernick, administrator of the estate of Elvah Hunter, deceased, as will liquidate the indebtedness of Oscar Hunter to Wencil Jansky, the latter shall release his interest in and to the balance of the money, if any, held by the administrator.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the opinion.